## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FLORIDA TILE COMPANY, subsidiary of Sikes Corporation, Respondent.

No. 76–1313.

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1976.

Decided July 14, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., John H. Ferguson, Susan Tepper Papadopoulos, Anne H. Andrews, Washington, D.C., for N.L.R.B.

John M. Breckenridge, Jr., John Edward Alley, Alley & Alley, Chartered, Granville M. Alley, Jr., Tampa, Fla., Louie B. Nunn, Lexington, Ky., for respondent.

Before EDWARDS, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order reported at 221 N.L.R.B. No. 70 (Nov. 7, 1975). The Board had found the company violated § 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3) and (1) (1970), by discharging an employee, Lois Moore, because of her activities in behalf of a union.

On review of the briefs and records and oral arguments in this case, we note 1) that Moore's discharge occurred five days after she had contacted employees to meet with her cousin, who was a representative of the Union involved,[1] 2) that the discharge was one day after her supervisor, Carmickle, learned of her union activities, and 3) that after telling her she was discharged, Carmickle, while he was walking her out of the

---

1. International Association of Machinists and Aerospace Workers, AFL–CIO.

plant, said, "I don't think this was a very smart thing for you all to do, passing these out on my shift," referring to union authorization cards.

While there is considerable evidence that employee Moore might not have been a wholly satisfactory employee, this total record, including the facts recited above, contains substantial evidence from which the Board could properly have found, as it did, that her discharge was motivated by an anti-union animus and hence was discriminatory, in violation of § 8(a)(3).

The order of the National Labor Relations Board will be enforced.